IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELWOOD PATRICK HOPKINS, Petitioner | : CIVIL ACTION |
| v. | : |
| DAVID DIGUGLIELMO, et al., Respondents | : No. 07-3877 |

**REPORT AND RECOMMENDATION**

FILED
SEP 28 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

LINDA K. CARACAPPA
U.S. MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, filed by Elwood Hopkins, a petitioner currently incarcerated in the State Correctional Institution at Graterford, Pennsylvania. SCI Graterford is located within jurisdiction of the Eastern District of Pennsylvania.

On April 26, 1993, following a jury trial presided over by the Honorable D. Michael Stine, petitioner was convicted of involuntary manslaughter and arson. Petitioner was sentenced to a term of life imprisonment. The judgment of conviction, which is under attack, was entered in Schuylkill County, Pennsylvania. Schuylkill County is located in the Middle District of Pennsylvania. SCI Graterford, where petitioner is incarcerated, is located in Montgomery County in the Eastern District of Pennsylvania. For the following reasons, it is recommended that this petition be transferred to the Middle District of Pennsylvania.

**TRANSFER OF PETITION**

Under 28 U.S.C. §2241(d), a petition for writ of *habeas corpus* must be filed in the district court for the district wherein the petitioner is in custody or in the district court for the district within which he was convicted and sentenced. In determining when the transfer of a

habeas corpus petition to a different district should be ordered, federal courts are guided by U.S.C. §1404(a) which states that, '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Petitioner was tried and convicted in Schuylkill County, which is located in the Middle District of Pennsylvania. As such, all of the records pertaining to the conviction being attacked are more readily available to that court. Although petitioner is incarcerated in the Eastern District of Pennsylvania, thereby granting this court jurisdiction, considerations of convenience advocate the transfer of this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 28th day of September, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241(d). It is further RECOMMENDED that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
LINDA K. CARACAPPA
U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELWOOD PATRICK HOPKINS,<br>     Petitioner | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 07-3877 |
| DAVID DIGUGLIELMO, et al.,<br>     Respondents | : | |

## ORDER

JAMES T. GILES, J.

AND NOW, this _____ day of _____, 2007, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Petition for Writ of Habeas Corpus (07-3877), pursuant to 28 U.S.C. §2254, is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania in accordance with 28 U.S.C. § 2241(d).

3. The Clerk of the Court shall transmit the original record to said district.

4. There is no probable cause to issue a certificate of appealabiltity.

BY THE COURT:

_____
JAMES T. GILES, J.